**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 27 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALLEN CASEY EDWARDS,

    Petitioner - Appellant,

v.

DAYTON J. POPPELL,

    Respondent - Appellee.

No. 02-6004
(D.C. No. CIV-00-1301-L)
(W. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is before the court on a request by Allen Casey Edwards for a certificate of appealability ("COA"). Edwards seeks a COA so he can appeal the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's dismissal of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 petition unless the petitioner first obtains a COA). Because Edwards has not made a substantial showing of the denial of a constitutional right, he is not entitled to a COA and his appeal is dismissed. *See id*. § 2253(c)(2).

After a jury trial, Edwards was convicted in Oklahoma state court of one count of child abuse murder in the first degree. Edwards was sentenced to life imprisonment. Edwards filed a direct appeal with the Oklahoma Court of Criminal Appeals. Edwards' appeal was denied and his conviction affirmed. Edwards then filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 with the United States District Court for the Western District of Oklahoma.

Edwards' § 2254 petition was referred to a United States magistrate judge for initial proceedings. *See* 28 U.S.C. § 636(b)(1)(B). The magistrate judge prepared a very thorough Report and Recommendation in which he addressed each of the five issues raised by Edwards. Ultimately, the magistrate judge recommended that Edwards' petition be denied. After considering Edwards' timely-filed objections to the Report and Recommendation, the district court denied Edward's petition.

In his application for a COA, Edwards presents a detailed argument on only one issue addressed by the district court; whether the jury instruction on the

elements of child abuse murder violated his due process rights. Edwards argues that *Enmund v. Florida*, 458 U.S. 781 (1982) and *Tison v. Arizona*, 481 U.S. 137 (1987) require his conviction be supported by a jury finding of intent to injure. We agree with the district court that *Enmund* and *Tison* are inapplicable to the guilt phase of a criminal trial. *See Cabana v. Bullock*, 474 U.S. 376, 385 (1986). "*Enmund* does not concern the guilt or innocence of the defendant—it establishes no new elements of the crime of murder that must be found by the jury. . . . *Enmund* holds only that the principles of proportionality embodied in the Eighth Amendment bar imposition of the death penalty upon a class of persons who may nonetheless be guilty of the crime of capital murder as defined by state law . . . ." *Id*.; *see also Cannon v. Gibson*, 259 F.3d 1253, 1270 n.15 (10th Cir. 2001) ("This court does not read *Tison* as addressing in any way the question whether [defendant's] murder conviction is infirm because the jury was not properly instructed at trial on the elements of malice murder.").

Although it is unclear from his appellate brief, Edwards also appears to be seeking a COA on the other four issues he raised before the district court. Edwards presents no appellate argument on these four issues. This court, however, has reviewed Edwards' appellate brief, the district court's Order dated December 21, 2001, the Report and Recommendation dated January 16, 2002, and the entire record on appeal. That review clearly demonstrates the district

court's denial of Edwards' § 2254 petition is not deserving of further proceedings or subject to a different resolution on appeal.  Accordingly, we **deny** Edwards' request for a COA and **dismiss** his appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge